# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**DAVID WATLEY**,

    Petitioner,

vs.

                              No. CIV 1:97-583 BB/LCS

**JOE WILLIAMS, Warden**,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner David Watley's ("Watley's") Petition for a writ of *habeas corpus* under 28 U.S.C. Sec. 2254, filed on April 24, 1997.[1] Watley was convicted of 39 counts of second degree criminal sexual penetration involving five victims.[2] He was also convicted of five counts of aggravated burglary and 5 counts of kidnaping. On January 26, 1988, the district court sentenced Watley to 90 years imprisonment, with 30 of those years suspended. On December 28, 1989, the New Mexico Court of Appeals affirmed his convictions. On March 7, 1990, the New Mexico Supreme Court denied his petition for a writ of *certiorari.*

---

[1] On May 6, 1997, pursuant to 28 U.S.C. Sec. 636(b), this matter was referred to this Magistrate Judge to recommend a final disposition.

[2] The jury was unable to reach a verdict on 12 counts of second degree criminal sexual penetration and three counts of kidnaping, three counts of aggravated burglary and 1 count of aggravated assault, and Watley was not retried on those counts.

1

In his petition, Watley raised eleven claims:

1. He was denied due process when the trial court excluded certain alibi testimony as a sanction for his late disclosure of an alibi witness;
2. He was denied due process when the trial court admitted serological evidence that had been allowed to deteriorate;
3. He was denied due process when the trial court failed to give his tendered instruction that the jury could draw an inference that the state allowed the serological evidence to deteriorate because the evidence was exculpatory;
4. The trial court erred in denying his motion to suppress evidence obtained as a result of a stop and subsequent search of his vehicle;
5. He was denied a far trial because the prosecutor misstated the testimony of an expert witness, claiming that his hair was "identical" to hair found at the scene of the rapes, when her testimony was only that his hair was "consistent" with hair found at those scenes;
6. He was denied a fair trial because the court did not sever the trials of the eight seperate incidents;
7. He was denied a fair trial because the court erroneously admitted improper identification testimony;
8. His Fifth and Sixth Amendment rights were violated by the court's admitting statements he made to a court services employee when applying for bond;
9. He was denied a fair trial by being forced to use his peremptory challenges on two jurors who the trial court erroneously refused to excuse for cause;
10. He was denied due process because the evidence was insufficient to support his convictions, and
11. He was denied a fair trial by the cumulative effect of all of the errors, even if no one of them would be sufficient in itself to warrant reversal.

On July 3, 1997, Respondent Joe Williams ("the State") moved to dismiss claims numbers one, four and seven. On July 30, 1997 this Court recommended that that Motion be granted; however, on August 19, 1997 I withdrew that recommendation, and on September 15, 1997 I recommended denying the State's Motion as to claims one and seven, but granting it as to claim four. The District Court adopted this recommendation on October 8, 1997. On October 29, 1997, I recommended denying claims one, two, three, six, seven and ten of the Petition. Watley objected to the October 29, 1997 Proposed Findings and Recommended Disposition on the grounds that the Court had not yet reviewed the record. Having now done so, as well as having

2

reviewed Watley's supplementation of his personal copy of the record, and having reviewed the arguments in the briefs, the Court does not find reason to amend its October 29, 1997 Proposed Findings and Recommended Disposition. Accordingly, I now address Petitioner's remaining claims: numbers five, eight, nine and eleven.[3]

Watley's fifth claim is that the prosecutor committed misconduct which so infected the trial with unfairness that his resulting conviction was a denial of due process. *See Hoxie v Kerby,* 108 F.3d 1239, 1243 (10th Cir. 1997). Specifically, he contends that on three occasions, twice during the direct examination of one of the victims and once during closing arguments, the prosecutor referred to hairs found at the crime scenes as "identical" to his hair, even though Ms. Hughes, the State's expert witness, never testified that they were "identical," only that they were "consistent."

Ms. Hughes testified that she could not say that the hairs at the crime came from Watley, could not testify as to the probability that the hairs at the crime scene were Watley's and could not testify as to how many people had hair consistent with Watley's. In describing her methods, she stated she looks for hair that could be "the twin hair", or the hair that looks exactly like another hair. She stated that, what she calls a "twin" other people call "identical" hair. She stated that the terminology she preferred to use is that one hair is "consistent" with another. TR-315 - 316. She testified that hairs taken from Watley were consistent with hairs found at some of the crime scenes.

---

[3]For ease of review, I have numbered the issues the same way I numbered them in my October 29, 1997 Proposed Findings and Recommended Disposition; however, the parties have used a different system. The issues discussed in these Proposed Findings and Recommended Disposition were designated by the parties in their briefs as issue nos. VIII, X, VII and XI, respectively.

In light of Hughes' equating "identical" as a lay term with "consistent" as an expert term, and her opining that Watley's hair was consistent with hairs found at some of the crime scenes, I propose finding that the prosecutor's characterization of the hairs as "identical" was not misconduct which would infect the trial with such unfairness as to make Watley's conviction a denial of due process. I therefore recommend that Watley's fifth claim be denied.

Watley's eighth claim is that his right against self-incrimination and his right to counsel were violated when statements about his address and employment history which he made to a court services employee in a form he prepared to allow the court to evaluate his eligibility for bond and for appointed counsel were used against him at his trial. He contends that because he was in custody, he was entitled to the protections required under *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), and that any statements he gave in the absence of a knowing and intelligent waiver of those protections could not be admitted as evidence in the State's case in chief.

The State contends that *Miranda* does not apply to questioning by pretrial services employees, citing *Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990), wherein a defendant's responses to routine booking questions such as his age, height, weight, eye color and birthdate were admitted against him in a trial for driving while intoxicated.[4] The Supreme Court held that questions necessary "to secure the biographical data necessary to complete booking or pretrial services" are exempt from the requirements of *Miranda*. While Watley points out that the questions asked of him did not constitute a "routine booking inquiry", he does not contest that the questions were asked in order to obtain biographical data for pretrial services. Accordingly, I

---

[4]The State also contended that this claim was barred by procedural default. As the resolution of that procedural issue is less clear cut than the resolution of the merits, and as the resolution on the merits moots the procedural issue, the Court, in the interest of judicial economy, addresses only the merits here.

propose finding that the Watley's statements fall within the *Muniz* exception to *Miranda*.

Watley argues that the *Muniz* exception should be limited to routine booking procedures, as distinguished from the present situation, in which he had to answer the questions in order to secure his release from custody and obtain a lawyer. He contends that "application of *Miranda* to pretrial services questioning in this case makes perfect sense." This argument is not without appeal; however, on a petition for a writ of *habeas corpus* the Court's review under 28 U.S.C. Sec. 2254(d)(1) is limited to determining whether the State Court's action is contrary to, or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. Until that court sees fit to limit the *Muniz* exception in the manner he suggests, this Court will apply it according to its terms, which exclude his statements from the protections of *Miranda* and which accordingly require my recommending that his eighth claim be denied.

Watley's ninth claim is that during jury *voir dire* the Court wrongly denied two of his challenges for cause, so that he was required to use two of his five peremptory challenges prematurely. There are three problems with his contention. First, as to juror Reid, the Court of Appeals refused to address his claim on the ground that, while Watley did brief the claim, he did not amend his docketing statement to include it. Because the Court of Appeals refused to consider the claim, it is procedurally barred. *See Parkhurst v. Schillinger,* 128 F.3d 1366, 1370 (10th Cir. 1997). I therefore propose finding that the claim as to juror Reid is procedurally barred and recommend that it be denied.

Second, as to juror Sonnenberg, the Court of Appeals denied Watley's claim on the grounds that the trial court did not abuse its discretion in refusing to excuse her for cause, relying on Sonnenberg's statement that she could put aside her personal experiences and decide the case

5

based upon the evidence. Watley contends that, despite this statement, Sonnenberg's experiences were such that her bias should have been presumed, citing *Hunley v. Godinez*, 975 F.2d 316, 319 (7th Cir. 1992). He then claims that the trial court's refusal to excuse for cause a juror who is presumed to be biased violates his constitutional rights to due process and to a fair trial, citing *Burton v. Johnson*, 948 F.2d 1150, 1158 (10th Cir. 1991). The State never responded to this argument.

Under the Anti-Terrorism and effective Death Penalty Act of 1996, a *habeas corpus* petitioner must show that the state court decision is contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. As Watley cites no Supreme Court precedent, his argument does not meet this threshold. Accordingly, I recommend that his claim as to juror Sonnenberg be denied.

Finally, even if Watley's claim as to juror Reid were not barred by procedural default, and even if the Court of Appeals' decision as to juror Sonnenberg were contrary to Supreme Court precedent, his claim as to both jurors fails because it is not cognizable in *habeas corpus*. Watley correctly points out that the New Mexico Supreme Court holds that a trial court's abusing its discretion in failing to excuse a juror for cause, and thereby forcing a defendant to use a peremptory challenge, violates due process and prejudice will be presumed as a result, relying on *Fuson v. State*, 735 P.2d 1138, 1140 (N.M. 1987) and *State v. Isiah*, 781 P.2d 293, 302 (N.M. 1989), *overruled on other grounds by State v. Lucero*, 863 P.2d 1071 (N.M. 1993). In response, the State correctly points out that the New Mexico cases are inconsistent with *Ross v. Oklahoma,* 487 U.S. 81, 88 (1988), in which the United States Supreme Court held that prejudice will not be presumed when a party is forced to use a peremptory challenge on a juror who should have been

excused for cause, and that a defendant must instead show bias among the persons who actually sat on the *petit* jury.

Watley replies that a state's refusal to apply its own protections can be a denial of due process, citing *Evitts v. Lucey,* 469 U.S. 387, 400-01(1985) and *Hicks v. Oklahoma*, 447 U.S. 343, 346-47 (1980). However, federal *habeas corpus* does not address every situation in which a state violates its own laws. *See, e.g.*, cases collected in James S. Liebman and Randy Hertz, Federal Habeas Corpus Practice and Procedure (2d ed. 1994) p.230 n.28. In *Brogdon v. Butler*, 838 F.2d 776, 778 n.1 (5th Cir. 1988), the Fifth Circuit affirmed a denial of a claim that a state judge abused his discretion in excusing two jurors for cause on the grounds that, *inter alia*, such a claim was not cognizable in federal *habeas corpus*. *Brogdon* convinces this court to propose finding that Watley's ninth claim is also not cognizable and to recommend that it be denied.

Watley's eleventh and final claim is that the cumulative effect of the ten errors he cites is sufficient to require reversal, even if the effect of any one of them is by itself insufficient. As the Court proposes finding that no errors occurred, I recommend that this claim, and his entire petition, be denied.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition the party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections thereto. A party must file its objections within the ten day period if it desires review by the district Court; if written objections are not timely filed, no review will be conducted.

_____
Leslie C. Smith
United States Magistrate Judge